1 | Kathleen O. Peterson (SBN 124791)
PRESTON GATES & ELLIS LLP
2 | 1900 Main Street, Suite 600
Irvine, California 92614
3 | Phone:  (949) 253-0900
Fax:     (949) 253-0902
4
Melissa E. Lamfalusi (SBN 224769)
5 | PRESTON GATES & ELLIS LLP
55 Second Street, Suite 1700
6 | San Francisco, California 94105
Phone:  (415) 882-8200
7 | Fax:     (415) 882-8220

**\*E-FILED ON 10/18/05\***

8 | Attorneys for Defendant
Microsoft Corporation
9

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | (SAN JOSE DIVISION)

14 | FERESHTE FAUSTINI,          Case No. C 04-04548 JW

15 |           Plaintiff,        **STIPULATED CONFIDENTIALITY
AGREEMENT AND [PROPOSED]
16 | vs.                          PROTECTIVE ORDER**

17 | MICROSOFT CORPORATION,

18 |           Defendant.

19

The discovery procedures in this case may require disclosure of information, either

documentary or testimonial or both, regarded by the producing party as confidential and private

information incorporating proprietary data, know-how, trade secrets, other valuable commercial

information, and confidential and private personnel information concerning persons not party to this

action.  Accordingly, the parties to this action, by and through their respective attorneys, stipulate

and agree to the following terms and conditions in order to safeguard confidential information that

may be disclosed in the course of this action.

IT IS HEREBY STIPULATED that the parties shall follow the procedures set forth below

with respect to information, documents or things produced or otherwise disclosed in this litigation:

1.   Definitions:

(a)   Confidential Information:  As used herein, "confidential information" shall mean any information, documents, testimony or other things furnished in the course of this litigation containing confidential and/or proprietary business information, confidential personnel information, and/or confidential medical information that qualifies for protection under FRCP 26(c), and which a party or other person designates as "CONFIDENTIAL" pursuant to the procedures set forth below. The term may include information,  documents, testimony or other things obtained by any party from a third party via subpoena, deposition or other discovery.  The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronic copy and video.

(b)   Attorneys' Eyes Only Information: Any confidential document or testimonial information which is extremely sensitive, and the disclosure of which would create a substantial risk of serious injury that cannot be avoided by less restrictive means may be designated in writing as ATTORNEYS' EYES ONLY.

2.   Marking of Confidential Information:

(a)   Marking:  Documents, information, or tangible items shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

(1)   In the case of documents or tangible items and the information contained therein that are produced by either party, designation shall be made by placing on the document the legend "CONFIDENTIAL."

(2)   In the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties, designation shall be made as follows:  Upon receipt by the receiving party, the documents or tangible things automatically shall be deemed "CONFIDENTIAL."  The receiving party shall furnish a copy thereof to the other party within eight (8) business days of receipt.  (If the material cannot be reproduced for any legitimate reason, both parties shall be given an opportunity to inspect it.)  Both parties thereafter shall have thirty (30) calendar days within which to formally designate the document or tangible thing as "CONFIDENTIAL"; provided, however, that all medical records obtained pursuant

to subpoena or otherwise shall automatically be deemed to be "CONFIDENTIAL." Should either party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to Section 8.  If neither party designates the document or tangible thing as "CONFIDENTIAL" within said thirty (30)-day period, then the "CONFIDENTIAL" designation will terminate.

　　　　　(3)　　In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL."

　　　　　(4)　　In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL."

　　　　　(5)　　In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence.  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

　　　(b)　　Good Faith:  The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

　　　(c)　　Receipt of Designated Information:  Except as permitted by further order of the court, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the receiving party upon the terms and conditions of this Protective Order.

3.　　Right of Access to Designated Information:

**Unless otherwise ordered by the Court,**

　　　(a)　　CONFIDENTIAL Information:  Disclosure of information designated as

CONFIDENTIAL, including summaries thereof, shall be limited to the Court and the following

persons, who shall be required to first execute the requisite declaration as set forth in subsection (d)

below: (i) the parties; (ii) the parties' counsel of record, Microsoft Corporation's in-house counsel or

other specifically identified counsel, and associate attorneys and paralegal and clerical employees

assisting any of these counsel; (iii) consultants or experts retained by the parties to consult or testify

in the case; (iv)  court reporters and videographers of sworn proceedings; (v) services retained by

counsel to photocopy or image documents or evidence; (vi) any person that a document, on its face,

indicates has previously seen, or has been sent the designated information, such as authors, drafters,

recipients and copyholders of the documents or information; (vii) persons to whom Microsoft

Corporation is obligated to disclose information about this action in the course of its business, for

example, its insurers or auditors; and (viii) witnesses and prospective witnesses to the extent deemed

necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to

assist counsel in performing work in this litigation, but as to this category (viii), counsel must retain

physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release

it is given by the party that designated it as CONFIDENTIAL.  Disclosure of CONFIDENTIAL

information to any expert or consultant shall be limited to that confidential information necessary for

the witness's consultation work or preparation to testify.

       (b)    ATTORNEYS' EYES ONLY Information:

**Unless otherwise ordered by the Court,**

       (i)   Disclosure of information designated as ATTORNEYS' EYES ONLY,

including summaries thereof, shall be limited to the Court and the following persons, who shall be

required to first execute the requisite declaration as set forth in subsection (d) below: (1) the parties'

counsel of record and their legal assistants, Microsoft Corporation's in-house counsel or other

specifically identified counsel, and associate attorneys and paralegal and clerical employees assisting

any of these counsel; (2) court reporters and videographers of sworn proceedings in which the

ATTORNEYS' EYES ONLY information is raised; (3) services retained by counsel to photocopy or

image documents or evidence; (4) consultants or experts retained by either party for this action; and

(5) deponents as set forth in Section 3(e) below.

       (ii)   If it becomes necessary for counsel for a party receiving ATTORNEYS'

EYES ONLY information to disclose it to some other person(s) (other than as set forth in (i) and (ii)

---

STIPULATED CONFIDENTIALITY AGREEMENT    -4-        Printed on Recycled Paper
AND [PROPOSED] PROTECTIVE ORDER
Case No. C 04-04548 JW

1  immediately above), in order to properly prepare this litigation for trial, the following procedures

2  shall be employed:

3          (1)     Counsel for the receiving party shall notify, in writing by overnight

4  delivery, facsimile or electronic mail counsel for the party producing the ATTORNEYS' EYES

5  ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and

6  shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the

7  disclosure.

8          (2)     If no objection to such disclosure is made by counsel for the producing

9  party within five (5) business days of receipt of such notification, counsel for the receiving party

10 shall be free to make such disclosure to the designated person(s); provided however, that counsel for

11 the receiving party shall serve upon opposing counsel, prior to disclosure, a declaration in the form

12 attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this

13 Protective Order.                        **and if the parties are unable to resolve the dispute**
                                           **after good faith meet-and-confer negotiations,**

14         (3)     If the designating party objects to such disclosure, the party wishing to
                                                                              ^

15 make such disclosure may bring before the Court the question of whether the particular

16 ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the

17 designating party shall have the burden of establishing before the Court the necessity for the

18 designation.  Disclosure of ATTORNEYS' EYES ONLY information shall be limited to that

19 information necessary for the witness's consultation work or preparation to testify.

20     (c)     Prohibition Against Disclosure to Unauthorized Persons:  With respect to all

21 documents, information, or tangible items produced or furnished by a party during this litigation,

22 which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party,

23 such information shall be kept confidential and shall not be given, shown, made available, discussed,

24 or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person

25 not authorized to receive the information under the terms of this Protective Order.

26 CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person

27 shall be used only for purposes of this litigation and for no other purpose.

28

---

1     (d)    Requirement to Obtain a Written Declaration:  Before disclosure of any

2  CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order is

3  made to anyone authorized by this Agreement to see the document or other information, other than

4  the Court, counsel for the party disclosing the information shall obtain a written declaration, in the

5  form attached hereto as Appendix A, from each person to whom disclosure is to be made,

6  acknowledging that any document, information or tangible item that has been designated as

7  CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective Order, that the

8  person has read this Protective Order, that such person agrees to comply with and be bound by this

9  Protective Order, that such person is aware that contempt sanctions may be entered for violation of

10  this Protective Order, and that such person consents to the personal jurisdiction of this Court.  The

11  originals of all signed declarations shall be maintained by the party who procures the signature

12  throughout the duration of this litigation, including all appeals.

13     (e)    Use of Designated Information in Depositions:  If, in the course of this proceeding,

14  depositions are conducted which involve CONFIDENTIAL or ATTORNEYS' EYES ONLY

15  information, counsel for the witness or party producing such information may designate, on the

16  record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or

17  ATTORNEYS' EYES ONLY information.  If designation of CONFIDENTIAL information is

18  made, those portions of said depositions involving such CONFIDENTIAL information will be taken

19  with no one present except (i) those persons who are authorized to have access to such

20  CONFIDENTIAL information in accordance with this Protective Order, (ii) the reporter and

21  videographer, if any, (iii) the deponent, and (iv) counsel for the parties, including any in-house

22  counsel for Microsoft.  If designation of ATTORNEYS' EYES ONLY information is made, those

23  portions of said depositions involving such ATTORNEYS' EYES ONLY information will be taken

24  with no one present except (i) counsel for the parties and any in-house counsel for Microsoft, (ii)

25  those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information

26  in accordance with this Protective Order, (iii) the reporter and videographer, if any, and (iv) the

27  deponent.  A witness, whose deposition is being taken, may see any document identified as

28  CONFIDENTIAL or ATTORNEYS' EYES ONLY if the document is first handed to counsel for the

opposing party that so designated the document ("opposing counsel") for inspection and either (i) the opposing counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is a managing agent of Microsoft Corporation.  If opposing counsel objects, opposing counsel will have the option to do any one or a combination of the following things:  (i) request that the deponent sign a declaration containing the wording specified in Exhibit A to this Agreement, (ii) note the objection for the record, and/or (iii) recess the deposition so that the matter can be brought before the Court for determination.  Any party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty (30)-day period.  Prior to such designation, or to expiration of the thirty (30)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information.  Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in Section 7, until further order of the Court.

4.     Inadvertent Production:  If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party, and to the extent the receiving party has already disclosed this information, the receiving party shall promptly notify the producing party as to the specific recipients of such information and shall take all

1   reasonable steps to remove such information from said recipients unless, with respect to

2   CONFIDENTIAL and ATTORNEYS EYES ONLY information, they are otherwise entitled to

3   disclosure under this Protective order.

4   5.      Disclosure Contrary to this Agreement:  If CONFIDENTIAL or ATTORNEYS' EYES

5   ONLY information is disclosed to any person other than in the manner authorized by this Order, the

6   person responsible for the disclosure must immediately bring all pertinent facts relating to such

7   disclosure to the attention of counsel for the producing party and, without prejudice to any other

8   rights and remedies of the parties, make every effort to prevent further disclosure by it or by the

9   person who was the recipient of such information.

10  6.      Disclosure Must Conform to this Agreement and Future Court Orders: Unless modified by

11  any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose

12  any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial

13  discovery in this action, except for the purpose of this action and any appeals and retrials thereof,

14  and such utilization or disclosure must be in compliance with this Agreement

15  7.      Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY information:  Any

16  document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES

17  ONLY information, if filed or submitted to the Court, shall be filed as follows:

18          (a)     If any document containing CONFIDENTIAL or ATTORNEYS' EYES ONLY

19  information produced in this litigation is introduced as an exhibit or otherwise placed among the

20  Court papers in this case, it shall be submitted to the Court in a sealed envelope or container marked

21  with the case caption and a notice substantially as follows:

22          CONFIDENTIAL

23          This envelope or container holds information of [name of party] filed under seal
            pursuant to a protective order.  This envelope or container may not be opened, and the
24          contents hereof may not be displayed or revealed, except by direction of the Court or
            by written consent of [name of party].
25

26          (b)     This Order shall also apply to all portions of  pleadings, deposition transcripts,

27  discovery papers, briefs, summaries, notes, abstracts, or other instruments which comprise, embody,

28  summarize, discuss, or quote from any documents produced in the litigation which contain

1  CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or any other material, designated

2  CONFIDENTIAL or ATTORNEYS' EYES ONLY, including memoranda or work product prepared

3  by counsel, their staff, or authorized outside consultants or experts.

4       (c)    Any such pleadings or documents submitted to the court shall be accompanied by a

5  request to seal pursuant to Civil Local Rule 79-5.

6       (d)    The parties and their attorneys shall inform all witnesses, consultants, employees,

7  agents, court reporters, or anyone else who may from time to time have access to any

8  CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this Order.

9  8.    Acceptance of A Designated Document Does Not Constitute Agreement with Its

10  Designation:  Acceptance by a party or parties of any information, document, or thing designated as

11  CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the

12  information, document or thing is properly so designated.  Any party may contest a designation that

13  a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  If the receiving

14  party disagrees with the designation and marking by the designating party of any material as

15  CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to resolve such

16  disputes on an informal basis.  If agreement cannot be reached between counsel, the party

17  designating the document shall indicate in writing the reason for its designation.  The party opposing

18  the designation may present such dispute to the Court by motion ~~or otherwise~~.  In the resolution of

19  such matter, the burden of establishing confidentiality shall be on the party who made the claim of

20  confidentiality.

21  9.    Other Objections Preserved:  This Protective Order shall be without prejudice to the right of

22  any party to oppose production of any information on grounds other than confidentiality.

23  10.    Right to Seek or Agree to Other Orders:  This Protective Order shall not prevent any party

24  from applying to the Court for relief therefrom, or from applying to the Court for further or

25  additional protective orders, or from agreeing among themselves to modify or vacate this Protective

26  Order, subject to the approval of the Court.

27  11.    Return of Designated Information and Continued Agreement to Confidentiality:  Within 30

28  days after the conclusion of this action, including any appeals, all CONFIDENTIAL information and

1   all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all

2   copies thereof, **, except for documents submitted to the Court,** shall be returned to the producing attorneys of record, or, at the producing party's

3   option, destroyed by counsel for the receiving party.  The provisions of this Protective Order insofar

4   as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS'

5   EYES ONLY information produced hereunder shall continue to be binding after the conclusion of

6   this action.

7   12.     Violation:  Any party to this action may file a motion requesting that the Court hold in

8   contempt of Court anyone who violates the terms of this Order.  **This Court will retain**

9   **jurisdiction for a period of six months after the conclusion of this action to enforce the terms**

10  **of this Order.**
    DATED:  October 11, 2005                    LAW OFFICES OF ROBERT M. LUBIN

11

12                                              By _____/s/ Robert M. Lubin_____
                                                       Robert M. Lubin
13                                                  Attorney for Plaintiff
                                                  FERESHTE FAUSTINI
14

15  DATED:  October 12, 2005                    PRESTON GATES & ELLIS LLP
16

17                                              By _____/s/ Kathleen O. Peterson_____
18                                                     Kathleen O. Peterson
                                                  Attorneys for Defendant
19                                                MICROSOFT CORPORATION

20

21

22

23

24

25

26

27

28

1

**PROTECTIVE ORDER**

2     Upon the agreement of the parties hereto, and good cause appearing, IT IS HEREBY
**, as modified by the Court,**

3   ORDERED that the foregoing Confidentiality Stipulation shall hereby become the order of this
^

4   Court.

5

6   DATED: _____**October 18**__, 2005

7

8                                              /s/ Howard R. Lloyd
                                          United States Magistrate Judge

9

10   K:\00103\02657\MEL\MEL_P202B

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERESHTE FAUSTINI, | CASE NO. C 04-04548 JW |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

**DECLARATION**

1.  My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2.  I live at _____.

3.  I am employed as (state position): _____.

4.  The full name and address of my employer is:

_____

_____.

5.  I am aware that an Agreed Protective Order ("Protective Order") regarding confidential information has been entered in the case of <u>Fereshte Faustini v. Microsoft Corporation</u>, in the United States District Court for the Northern District of California ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6.  I agree that documents, information, and tangible items designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the Protective Order, and agree to comply with and be bound by the terms of the Protective Order.

7.      Without limiting the foregoing, I agree that I will not disclose or discuss any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons other than counsel for either party and paralegal and clerical personnel assisting such counsel, and other persons permitted access to such material under the Protective Order who have signed declarations under penalty of perjury undertaking to preserve the confidentiality of such material.

8.      I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9.      I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES ONLY material, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order shall subject me to contempt sanctions of the Court.

10.     I consent to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing declaration is true and correct.

Executed this ____ day of _____, 2005, at _____,
_____.


                                              _____
                                              Signature

---

STIPULATED CONFIDENTIALITY AGREEMENT        -13-                    Printed on Recycled Paper
AND [PROPOSED] PROTECTIVE ORDER
Case No. C 04-04548 JW